UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-24252-CIV-ALTONAGA/Goodman

**CELTIC INSURANCE COMPANY**,

    Plaintiff,
vs.

**DIGESTIVE MEDICINE HISTOLOGY LAB, LLC**,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court on Defendant, Digestive Medicine Histology Lab, LLC's ("DMHL['s]") Motion to Dismiss Plaintiff's Complaint for Declaratory Relief [ECF No. 14]. Plaintiff, Celtic Insurance Company, filed a Response in Opposition [ECF No. 26]; to which DMHL filed a Reply [ECF No. 30]. The Court has carefully considered the Complaint [ECF No. 1], the parties' written submissions, the record, and applicable law. For the following reasons, the Motion is granted.

## I.  BACKGROUND

This case involves a healthcare payor-provider reimbursement dispute between Celtic and DMHL. (*See generally* Compl.). Celtic, an Illinois corporation with its principal place of business in Missouri, is a health insurance company that underwrites and issues health plans in Florida. (*See id.* ¶¶ 1, 6). DMHL, a Florida limited liability company with its principal place of business in Florida, operates a pathology laboratory and provides pathology services at Palmetto Surgical Center in Miami, Florida. (*See id.* ¶¶ 2, 7).

In February 2019, DMHL filed a complaint against Celtic in the Circuit Court of the

Eleventh Judicial Circuit in Miami-Dade County, Florida. (*See id.* ¶ 8; *see also id.*, Ex. 1, Cir. Ct. Compl. [ECF No. 1-3]). DMHL asserted claims for: declaratory relief (*see* Cir. Ct. Compl. ¶¶ 19–23); breach of implied contract (*see id.* ¶¶ 24–32); breach of third-party beneficiary contract (*see id.* ¶¶ 33–37); unjust enrichment (*see id.* ¶¶ 38–41); and violation of section 627.64194, Florida Statutes (*see id.* ¶¶ 42–44). DMHL alleged it was an out-of-network provider with Celtic (*see id.* ¶ 11); and it provided covered pathology services to patients, which Celtic refused to pay (*see id.* ¶¶ 12–13). DMHL pursued recovery on 135 claims totaling $183,920.00 (*see* Compl. ¶ 8), based on, according to DMHL, the usual and customary rates paid for the same or similar pathology services in Miami-Dade County (*see* Cir. Ct. Compl. ¶ 15).

Celtic removed the case to federal court and moved to dismiss the complaint for failure to state a claim. (*See* Compl. ¶¶ 9–10). Celtic sought to dismiss DMHL's declaratory relief count because the other counts raised "the *same* issues" and required the court to "answer the *same* questions regarding whether Celtic is liable for such claims and, if so, in what amount"; as a result, Celtic argued the declaratory relief claim was "wholly and impermissibly duplicative." *Digestive Med. Histology Lab, LLC v. Celtic Ins. Co.*, No. 19-cv-21291, Motion to Dismiss Complaint [ECF No. 5] filed April 12, 2019 (S.D. Fla. 2019) 5 (original emphases).[1]  DMHL voluntarily dismissed the case shortly thereafter. (*See* Compl. ¶ 11).

In May 2019, DMHL filed 15 separate small-claims actions against Celtic in the County Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. (*See id.* ¶ 12 n.1). In these still pending actions, DMHL attempts to collect on 15 unpaid reimbursement claims,

---

[1] Because Celtic's allegations rely on the motion to dismiss filed in case number 19-cv-21291 (*see* Compl. ¶¶ 9–10; *see also* Resp. 11), the Court may consider it as part of this action. *See Bestoso v. BBVA Compass Bank*, 17-60884-Civ, 2017 WL 5634936, at *4 (S.D. Fla. July 25, 2017) ("Where a plaintiff refers to certain documents in the complaint central to his claim, those documents are considered part of the pleading for the purpose of resolving a motion to dismiss." (citation omitted)).

amounting to $22,500.00 in unpaid claims.[2] (*See id.*). Celtic moved to consolidate the county court complaints[3] and requested transfer to the circuit court. (*See id.* ¶ 13). DMHL opposed consolidation and apprised the county court of the potential filing of an additional 120 claims, which, in addition to the 15 small-claims actions, equal the 135 claims disputed in the circuit court complaint. (*See id.*, Ex. 2, DMHL's Resp. Opp'n Mot. Consol. [ECF No. 1-4] 12).

The county court conducted a hearing on Celtic's motion to consolidate, at which DMHL stated it was disputing and seeking payment for 120 claims not then pending before the county court. (*See* Compl. ¶ 15). In early October 2019, the county court denied Celtic's motion to consolidate. (*See* Mot., Ex. 1, Order Den. Mot. Consol. [ECF No. 14-1]).[4] A week later, Celtic filed this action. (*See generally* Compl.). Thereafter, Celtic appealed the county court's denial of its motion to consolidate. (*See* Mot., Ex. 2, Notice of Appeal [ECF No. 14-2]).

In Celtic's sole claim for relief, titled "Declaratory Judgment Act Claim," Celtic alleges DMHL's 120 unpaid claims remain in dispute even though DMHL voluntarily dismissed the claims for tactical purposes to avoid litigation in federal court. (*See* Compl. ¶¶ 20–21). Celtic states DMHL reserves the right to file small-claims actions on each of the 120 claims in county court. (*See id.* ¶ 21). As such, a present, actual, bona fide dispute between the parties exists as to (1) whether DMHL's pathology service claims are payable under Florida law and the terms of the

---

[2] By way of example, DMHL asserts claims against Celtic in county court for: (1) breach of third-party beneficiary contract; (2) unjust enrichment; (3) breach of contract as assignee of insured; and (4) violation of section 627.3156, Florida Statutes. *See Digestive Med. Histology Lab, LLC v. Celtic Ins. Co.*, No. 2019-010221-SP-23 (Fla. Cty. Ct. filed May 1, 2019) (Am. Compl. filed Aug. 7, 2019).

[3] Celtic also moved to dismiss the county court claims, which remain pending. (*See* Resp. 9).

[4] In reviewing a motion to dismiss, the Court may "consider a document attached to a motion to dismiss without converting the motion into one for summary judgment if the attached document is (1) central to the plaintiff's claim and (2) undisputed." *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005). The issue of the county court small-claims actions and the trial court's consolidation order are "at the very heart" of Celtic's declaratory action claim, and thus the Court will consider them. *Id.*; (*see generally* Compl.).

insurance plan Celtic underwrites; and (2) if so, what is the usual, customary, and reasonable rate of reimbursement for DMHL's claims. (*See id.* ¶ 22). Celtic asks that the Court declare Celtic processed DMHL's 120 claims in compliance with Florida law and the terms of the Ambetter from Sunshine Health[5] insurance plan; declare Celtic owes no additional payment to DMHL regarding the 120 claims; and grant Celtic relief the Court deems just and appropriate. (*See id.* 6).

DMHL now asserts by applying the analysis the Eleventh Circuit set out in *Ameritas Variable Life Insurance Company v. Roach*, 411 F.3d 1328 (11th Cir. 2005), the Court should exercise its discretion and abstain from hearing this case. (*See* Mot. 4–11; Reply 2–8). Alternatively, DMHL moves to dismiss the Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (*See* Mot. 12–14; Reply 8–10). As the Court resolves the Motion by application of *Ameritas Variable Life Insurance Company*, it does not reach the parties' Rule 12(b)(6) arguments.

## II.     ANALYSIS

It is wholly within the Court's discretion whether to entertain a case under the Declaratory Judgment Act, 28 U.S.C. section 2201, even if the action properly falls within the Court's jurisdiction. *See Otwell v. Ala. Power Co.*, 747 F.3d 1275, 1280 (11th Cir. 2014) (noting "[i]t is well established that district courts have exceptionally broad discretion in deciding whether to issue a declaratory judgment, and the remedy is not obligatory" (alteration added; citation omitted)). The Act gives the federal courts competence to make a declaration of rights, but it does not impose a duty to do so. *See Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 494 (1942).

---

[5] Celtic is the underwriter of Ambetter from Sunshine Health, a health plan issued pursuant to and in compliance with the Patient Protection and Affordable Care Act of 2010 and the Florida Insurance Code. (*See* Compl. ¶ 6).

As explained in *Wilton v. Seven Falls Company*, "[b]y the Declaratory Judgment Act, Congress sought to place a remedial arrow in the district court's quiver; it created an opportunity, rather than a duty, to grant a new form of relief to qualifying litigants." 515 U.S. 277, 288 (1995) (alteration added). Consequently, "a district court is authorized, in the sound exercise of its discretion, to stay or to dismiss an action seeking a declaratory judgment before trial or after all arguments have drawn to a close." *Id.* (footnote call number omitted). "[S]pecial flexibility is called for in the declaratory judgment context, where the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." *United Purchasing Ass'n, LLC v. Am. Valve, Inc.*, No. 6:08-cv-515, 2008 WL 2557559, at *1 (M.D. Fla. June 20, 2008) (alteration added; internal quotation marks and citations omitted).

In *Ameritas Variable Life Insurance Company*, the Eleventh Circuit reiterated the Declaratory Judgment Act "only gives the federal courts competence to make a declaration of rights; it does not impose a duty to do so." 411 F.3d at 1330; *see also Sherwin–Williams Co. v. Holmes Cty.,* 343 F.3d 383, 390–91 (5th Cir. 2003) ("[I]f the federal declaratory judgment action raises only issues of state law and a state case involving the same state-law issues is pending, generally the state court should decide the case and the federal court should exercise its discretion to dismiss the federal suit." (alteration added; footnote call number omitted)). A district court can abuse its discretion if it: "(1) fails to consider a relevant factor that should have been given significant weight, (2) considers and gives significant weight to an irrelevant or improper factor, or (3) considers all proper factors, and no improper [factors] . . . but . . . , in weighing those factors, commits a clear error of judgment." *First Mercury Ins. Co. v. Excellent Computing Distribs., Inc.*,

648 F. App'x 861, 865 (11th Cir. 2016) (alterations in original; internal quotation marks and citation omitted).

The Eleventh Circuit in *Ameritas* provided a list of non-exhaustive factors for district courts to use in evaluating whether to dismiss a federal declaratory judgment action where an underlying state court action "involves some of the same issues and parties." *First Mercury Ins. Co.*, 648 F. App'x at 866. The factors are "neither absolute nor is any one factor controlling"; they "are merely guideposts in furtherance of the Supreme Court's admonitions in *Brillhart* and *Wilton*." *Ameritas*, 411 F.3d at 1331. The factors, not all of which may be relevant in any given case, *see First Mercury Ins. Co.*, 648 F. App'x at 866, are:

> (1) the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts;
>
> (2) whether the judgment in the federal declaratory action would settle the controversy;
>
> (3) whether the federal declaratory action would serve a useful purpose in clarifying the legal relations at issue;
>
> (4) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" — that is, to provide an arena for a race for *res judicata* or to achieve a federal hearing in a case not otherwise removable;
>
> (5) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction;
>
> (6) whether there is an alternative remedy that is better or more effective;
>
> (7) whether the underlying factual issues are important to an informed resolution of the case;
>
> (8) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and
>
> (9) whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.

*Ameritas*, 411 F.3d at 1331.

DMHL contends the Court should exercise its discretion and abstain from issuing a declaratory judgment. (*See* Mot. 4–11). Specifically, DMHL argues each of the nine *Ameritas* factors weighs in favor of dismissal. (*See id.*). Celtic's Response mostly ignores the *Ameritas* factors.[6] (*See generally* Resp.). Instead, Celtic presses the Court to reject DMHL's abstention argument because DMHL is "making an end-run around federal jurisdiction by filing separate lawsuits for each claim" and is "maintaining contradictory positions in two different courts." (Resp. 1, 6–7). The Court agrees with DMHL — dismissal is appropriate considering the *Ameritas* factors.[7]

The Court finds the state actions[8] and this case are parallel for abstention purposes. Federal and state proceedings are parallel when they involve "substantially the same parties and substantially the same issues." *First Mercury Ins. Co.*, 648 F. App'x at 866. The state and federal proceedings not only involve the same parties — DMHL and Celtic (*see* Compl. ¶¶ 1–2, 12 n.1);

---

[6] Celtic's entire discussion of *Ameritas* is reduced to two lines in a footnote stating DMHL cites *Ameritas* "for the legal standard pertaining to the abstention doctrine." (Resp. 8 n.2). Celtic indirectly touches on certain factors in response to DMHL's arguments, although it does so in a perfunctory manner and without citing which specific factor is relevant to its argument. (*See* Resp. 5–10).

[7] The question of "[w]hether . . . abstention should be raised under Rule 12(b)(1) or 12(b)(6) is the subject of some dispute." *Parker v. Judicial Inquiry Comm'n of the State of Ala.*, 212 F. Supp. 3d 1171, 1174 n.1 (M.D. Ala. 2016) (alterations added); *see also Allstate Ins. Co. v. Auto Glass Am., LLC*, 6:18-cv-2184, 2019 WL 4751729, at *10 (M.D. Fla. Sept. 30, 2019) (discussing the dispute and lack of clarity in the law); *Selton v. U.S. Bank Tr. Nat'l Ass'n*, 124 F. Supp. 3d 1245, 1250 n.6 (M.D. Fla. 2015) (noting "the Eleventh Circuit does not appear to have addressed the issue, and its sister circuits have intentionally evaded it."). The Court need not decide which rule is applicable to this abstention argument. Indeed, the Court reaches its decision by relying on the Complaint's allegations, its attachments, its incorporated references, and judicially noticeable filings of state-court proceedings, all of which are reviewable under the more stringent Rule 12(b)(6) standard. *See Selton*, 124 F. Supp. 3d at 1250 n.6 (M.D. Fla. 2015) (reaching the same conclusion).

[8] The Court takes judicial notice of the docket and filings of the related state court proceedings. *See McDowell Bey v. Vega*, 588 F. App'x 923, 926–27 (11th Cir. 2014) (collecting cases and finding district court properly took notice of the state docket); *Horne v. Potter,* 392 F. App'x 800, 802 (11th Cir. 2010) (finding the district court properly took judicial notice of public records as such records were "not subject to reasonable dispute" and were "capable of accurate and ready determination by resort to sources whose accuracy could not reasonably questions" (internal quotation marks and citations omitted)).

but also involve the same issues — the amount (if any) Celtic owes DMHL for non-network provider services under Florida law and the terms of the insurance plan Celtic underwrites (*see id.* ¶ 12–16, 22).[9] The Court thus turns to the *Ameritas* factors.

The first factor — "the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts" — weighs in favor of abstention. *Ameritas*, 411 F.3d at 1331. This action raises only state-law issues, involves insurance coverage disputes regarding reimbursement of claims to a Florida provider, and there is no federal nexus, save for the diversity of DMHL and Celtic's citizenship. As such, Florida has a strong interest in deciding the case. *See, e.g.*, *Gregory Haskin Chiropractic Clinics, Inc. v. State Farm Mut. Auto. Ins. Co.*, 391 F. Supp. 3d 1151, 1155 (S.D. Fla. 2019) (evaluating the first *Ameritas* factor and concluding "Florida state courts have a substantial interest in deciding how insurance companies should apply Florida statutes regarding reimbursements and deductibles to the claims of Florida residents."); *see also GEICO Gen. Ins. Co. v. Lacayo*, No. 1:15-cv-20582, 2015 WL 4464020, at *3 (S.D. Fla. July 21, 2015), *aff'd* (May 13, 2016) (recognizing Florida has a "strong interest" in having a case decided in state court where Florida law — not federal law — governs the substantive issues). Given Florida's strong interest in this case, "a resolution by a state trial court with review by a state appellate court is clearly preferable." *Geico Gen. Ins. Co. v. Pruitt*, No. 08-21623-Civ, 2009 WL 10666845, at *3 (S.D. Fla. Feb. 19, 2009).

The second factor — "whether the judgment in the federal declaratory action would settle the controversy" — weighs in favor of abstention. *Ameritas*, 411 F.3d at 1331. As elucidated in

---

[9] In any event, the Eleventh Circuit rejected the suggestion the *Ameritas* factors apply only to parallel actions, explaining nothing in the Declaratory Judgment Act "suggests that a district court's discretionary authority exists only when a pending state proceeding shares substantially the same parties and issues." *First Mercury Ins. Co.*, 648 F. App'x at 866.

Celtic's Complaint, 15 actions are pending before the county court addressing whether Celtic is liable to DMHL for submitted claims and if so, the amounts due to DMHL. (*See* Compl. ¶ 12 n.1). What is more, Celtic's appeal of the county court's order denying its motion to consolidate remains open and provides Celtic the opportunity to challenge DMHL's duplicative lawsuits — Celtic's primary argument against abstention. *See Celtic Ins. Co. v. Digestive Med. Histology Lab, LLC*, No. 2019-000299-AP-01 (Fla. Cir. Ct. filed Nov. 6, 2019). As issues remain pending in the state court litigation, it is clear a ruling in this action would not settle the controversy between the parties.

Further, allowing this action to proceed risks the possibility of inconsistent verdicts. Celtic contends, again without citing a specific factor, the "120 claims for reimbursement put at issue in this lawsuit are not currently the subject of any state-court litigation." (Resp. 9). Yet 15 small-claims actions — involving the same parties and the same issues — are pending in state court, including an appeal addressing DMHL's consolidation concerns. (*See* Compl. ¶ 12 n.1); *see also Gregory Haskin Chiropractic Clinics, Inc.*, 391 F. Supp. 3d at 1155 (finding support for abstention where the declaratory action raised the "possibility of inconsistent verdicts on the same issue against the same defendant"); *W. Coast Life Ins. Co. v. Ruth Secaul 2007-1 Ins. Tr.*, No. 09-81049-Civ, 2010 WL 11506019, at *5 (S.D. Fla. May 14, 2010) ("To allow the instant declaratory action to proceed would run the risk of inconsistent decisions and amount to gratuitous interference with the orderly and comprehensive disposition of a state court litigation." (alteration in original; internal quotation marks and citation omitted)).

The third factor — "whether the federal declaratory action would serve a useful purpose in clarifying the legal relations at issue" — weighs in favor of abstention. *Ameritas*, 411 F.3d at 1331. Celtic's declaratory action would not serve a useful purpose. Celtic does not identify any

applicable Florida law or insurance contract provision as to which there is doubt or need for interpretation. (*See generally* Compl.). Nor does Celtic seek clarification for future legal obligations. (*See generally id.*). Instead, Celtic's declaratory action seeks "[t]o remedy DMHL's gamesmanship of filing piecemeal litigation of duplicative claims" (Resp. 4 (alteration added)) — an issue the state court will likely clarify in Celtic's appeal, *see Celtic Ins. Co.*, No. 2019-000299-AP-01 (Fla. Cir. Ct. filed Nov. 6, 2019). And while this action includes an additional 120 claims, it requires resolution of questions — including whether Celtic is liable for reimbursement of *submitted* claims and whether consolidation is appropriate — pending in state court between DMHL and Celtic. *See ARSC, Inc. v. Covington Specialty Ins. Co.*, No. 17-61605-Civ, 2017 WL 10742774, at *1 (S.D. Fla. Dec. 20, 2017) (noting a "declaratory judgment serves no useful purpose [when] it involves only past conduct which has already ripened into a breach-of-contract claim" as "there is no future uncertainty to resolve" (alteration added)).

Moreover, the risk of inconsistent verdicts also tilts factor three in favor of abstention. *See Gregory Haskin Chiropractic Clinics, Inc.* 391 F. Supp. 3d at 1155 (affording factor three slight weight in favor of abstention given the potential of inconsistent verdicts).

The fourth factor — "whether the declaratory remedy is being used merely for the purpose of 'procedural fencing'" — weighs neither in favor of nor against abstention. *Ameritas*, 411 F.3d at 1331. It is clear Celtic prefers federal court while DMHL prefers state court. In their submissions, each party accuses the other of engaging in "procedural fencing." (Mot. 1–2, 11; Resp. 1–2, 6–7).

On the one hand, Celtic contends DMHL should not be rewarded for filing 15 separate small-claims actions after it voluntarily dismissed a removed circuit court complaint.[10] (*See* Resp.

---

[10] To the extent Celtic invites the Court to afford weight to the fact the removed circuit court complaint was filed first, the Court declines to do so. *Cf. Geico Gen. Ins. Co. v. Kastenolz*, 649 F. App'x 647, 650 (11th

6–7). According to Celtic, the "only party who is engaging in forum-shopping tactics here is DMHL, not Celtic." (*Id.* 6). On the other hand, DMHL claims Celtic is seeking a declaration to consolidate 120 potential cases in a manner in which the state court has already rejected. (*See* Mot. 1). DMHL and Celtic "have both engaged in procedural posturing in an effort to have these issues decided in their preferred forum"; and thus "the fourth *Ameritas* factor weighs neither in favor of nor against" abstention. *Amerisure Mut. Ins. Co. v. Paragon Constr. & Dev., Inc.*, No. 2:06cv1047, 2007 WL 2893404, at *3 (M.D. Ala. Sept. 28, 2007).

The fifth factor — "whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction" — weighs in favor of abstention. *Ameritas*, 411 F.3d at 1331. Celtic's declaratory action "creates the potential for friction inherent in having double-tracked, near-identical litigation pending in both federal and state courts, such that the first court's ruling on a particular issue may have *res judicata* effect on the second court's ability to hear and decide the same issue, even if the second court disagrees with the first court's determinations." *Gregory Haskin Chiropractic Clinics, Inc.*, 391 F. Supp. 3d at 1156 (emphasis added; internal quotation marks and citation omitted). To this, Celtic contends the Court will not encroach on the state court's jurisdiction, as federal courts have had the opportunity to apply section 627.64194, Florida Statutes. (*See* Resp. 7–8 (citing cases)). This argument misses the mark. A district court's application of Florida law is of little import in addressing whether 'the use of a declaratory action . . . improperly encroach[es] on state jurisdiction." *Ameritas*, 411 F.3d at 1331 (alterations added). With no remaining arguments to the contrary, the fifth factor weighs in favor of abstention.

---

Cir. 2016) ("[T]he *Ameritas* factors presuppose the existence of a prior filed federal declaratory action." (alteration added)); *Travelers Prop. Cas. Co. of Am. v. Chip Yachting Team, Inc.*, No. 18-Civ-60828, 2018 WL 3084063, at *3 n.3 (S.D. Fla. June 21, 2018) ("That the instant litigation was initiated prior to the State Court Action does not weigh against abstention.").

The sixth factor — "whether an alternative remedy exists that is better or more effective" — weighs in favor of abstention. *Ameritas*, 411 F.3d at 1331. While the sixth factor seeks to avoid piecemeal litigation, the underlying state court proceedings provide an avenue for the resolution of what are purely state-law issues, as well as for the consolidation issues actuating Celtic's Complaint. *See, e.g.*, *Gregory Haskin Chiropractic Clinics, Inc.*, 391 F. Supp. 3d at 1156 (finding the sixth factor weighed weakly in favor of abstention because "the state court is more appropriately suited to handle the purely state law issues presented by the [p]laintiff's case" (alteration added)); *The Travelers Home & Marine Ins. Co. v. Calhoun*, 5:13-cv-251, 2013 WL 12148861, at *6 (M.D. Fla. Oct. 25, 2013) (concluding the sixth factor weighed in favor of dismissal because "[a]ll of the relief that both parties seek is available in state court." (alteration added)); *Amerisure Mut. Ins. Co.*, 2007 WL 2893404, at *3 ("It is the wiser course to have these issues determined together, rather than allowing piecemeal, fractured litigation to emerge between the federal and state courts.").

The seventh and eighth factors — "whether the underlying factual issues are important to an informed resolution of the case," and if so, "whether the state trial court is in a better position to evaluate those factual issues than is the federal court" — weigh in favor of abstention. *Ameritas*, 411 F.3d at 1331. Factual issues are present here. The parties dispute payment of claims to an out-of-network Florida provider for services rendered in Florida; and whether the payments (if any) equal the usual, customary, and reasonable rate for similar services in Miami-Dade County, Florida. (*See generally* Compl.; *see also id.*, Ex. 1, Cir. Ct. Compl.). These factual issues, all of which relate to Florida and concern Florida law, will necessarily be addressed in the state-court actions; and as such, "a state court is better situated to analyze these Florida law issues than a federal court." *Gregory Haskin Chiropractic Clinics, Inc.*, 391 F. Supp. 3d at 1156 (concluding

the seventh and eighth factors weigh in favor of abstention because a state court is better situated to interpret a Florida statute and an insurance contract under Florida law); *AIX Specialty Ins. Co. v. Riley*, No. 3:18-cv-113-J-25, 2018 WL 6605327, at *4 (M.D. Fla. Oct. 4, 2018) (finding the seventh and eighth factors weighed in favor of abstention as "[f]actual issues [were] important to an informed resolution of the case for which the state court [was] in a better position to evaluate." (alterations added)).

The ninth factor — "whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action" — weighs in favor of abstention. *Ameritas*, 411 F.3d at 1331. Celtic's declaratory action does not involve federal law nor implicate federal policy; instead, the Complaint raises exclusively state-law issues. *See Falls Lake Nat'l Ins. Co. v. Am. Shuttle, Inc.*, No. 1:17-cv-24421, 2018 WL 8244524, at *4 (S.D. Fla. Aug. 13, 2018) (abstaining where there was a close nexus between the underlying factual and legal issues and state law); *Lincoln Ben. Life Co. v. Look*, No. 2:05-cv-0353, 2006 WL 3734331, at *6 (M.D. Fla. Dec. 15, 2006) (evaluating the ninth factor and concluding the factor "unambiguously weighs in favor of abstention" because plaintiff's complaint "raises state law issues exclusively and implicates state public policy, without any reference to federal common or statutory law.").

### III.  CONCLUSION

As the *Ameritas* factors strongly favor abstention, the Court exercises its "substantial latitude" and dismisses this declaratory action. *Wilton*, 515 U.S. at 286. Accordingly, it is

**ORDERED AND ADJUDGED** that the Motion **[ECF No. 14]** is **GRANTED**. The Complaint **[ECF No. 1]** is **DISMISSED without prejudice**. The Clerk of Court is directed to **CLOSE** this case, and any pending motions are **DENIED** as moot.

**DONE AND ORDERED** in Miami, Florida, this 20th day of December, 2019.

 _____
 **CECILIA M. ALTONAGA**
 **UNITED STATES DISTRICT JUDGE**

cc: counsel of record